McINNIS, Judge.
The demand in this cause arises as a result of an automobile accident which happened in the 3000 block of Southern Avenue in Shreveport, in which a pickup truck belonging to and being driven by E. F. Lee was involved in a collision with a 1942 Dodge Club Coupe owned by the other defendant, Albert R. Horn, and being driven by his wife, Mrs. Isabel B. Horn. After the collision the Dodge car turned left and crossed to the other side of Southern Avenue and over into the yard of Charles Ver-deraime and collided with one of the brick columns on the front of the house, damaging it to the extent of $320.65, which plaintiff, as insurer, paid, and sues on a subrogation from its insured. Another suit was filed by. Horn against Lee, 68 So.2d 238, for damage to the Dodge car, and the two cases were consolidated for trial in the City Court, and also consolidated here.
After trial on the merits judgment was rendered and signed in favor of Columbia Fire Insurance Company against both defendants for the amount sued for, and suspensive appeals by each defendant are prosecuted from the judgment.
The collision between the two Vehicles happened in the following manner: At about 7:30 a.' m. July 19, 1952 Mrs. Horn was driving the Dodge car south on Southern Avenue and was in the 3000 block where the street is 36 feet wide, and not far north of the intersection where Kings Highway crosses Southern Avenue. There is a traffic light controlling traffic at the intersection. Lee .had been driving his truck east on Kings Highway and had made a left turn onto Southern Avenue and was driving north, meeting the Dodge car, and when he reached ,No. 3000 on Southern Avenue he undertook a left turn into the driveway of that house. When the front part of the truck had gotten into the.driveway, with five feet of the rear part still in the street, the right front fender of the Dodge car collided with the right end of the truck, striking the end of the right rear fender and bumper of the truck, after which the Dodge car veered to the left, apparently out of control, and traveled 98 feet diagonally across Southern Avenue and collided with the brick column of the house at 2923 Southern Avenue.
Charges of negligence against Lee are that he commenced turning left to enter the driveway at No. 3000, and in doing so drove the truck directly in the path of the Dodge car.
Charges of negligence against Mrs. Horn are that she failed to apply the brakes or veer to the left to avoid colliding with the truck.
There appears to be no contest as to the right of plaintiff to recover the amount of damage to the house of its insured, $320.65, but each defendant contends that the other is liable. Defendant Lee in his answer says that he had almost completely cleared Southern Avenue, not more than 2i/£ feet of the truck remaining in the street when it was hit, and that the proximate cause of the accident was negligent operation of the Dodge car by Mrs. Horn, and her failure to keep a lookout for other vehicles, and that had she applied the brakes and used care in keeping the car under control, she would not have collided with the house.
Defendant Horn says his wife was driving not more than 25 miles an hour, and *237 that when Lee turned left in front' of her, she applied the brakes and tried to turn left to avoid the accident, but was unable to avoid striking the truck; that she used her best judgment after being confronted with the emergency created by Lee, and was in no way negligent. It is alleged that Lee gave no signal of intention to turn left; that in the accident the right fender of the Dodge was crushed into the tire, and Mrs. Horn thrown from her driving position so that she could not regain control of the car, and that Lee’s negligence was the sole proximate cause of the collision.
On trial of the case Mrs. Horn testified that she was driving south on Southern Avenue at about 25 miles an hour, on her right hand side of the street, about three feet from the curb and Lee was on his right hand side of the street, and that when she had almost reached No. 3000 there were three women sitting on the steps of the two story house, and they signalled Lee to stop and he turned left right in front of her, without looking or giving any signal, and all she could think to do was try to get out of his way, because he headed toward her. She estimates Lee’s speed at 30 to 35 miles an hour. She says she was thrown away from the driver’s position in her car and was never able to regain control of the car, and it all happened so fast she could not avoid striking the house.
. Joseph M. Avery, a trolley operator, says he had stopped at the traffic signal on Kings Highway and as he started again Lee passed the trolley at a speed he estimated to be 35 miles an hour, and when very close to Horn’s car he made a sudden left turn into a driveway, and the collision took place about as Mrs. Horn described it. This witness saw no signal given by Lee.
Police officers, Sgt. Porta and Officer Pittman investigated the accident. When they arrived shortly after the accident Lee’s, truck was up in- the driveway he was entering when the accident happened and the Dodge car was headed down the driveway across the street, against an embankment. From debris at the point of contact they found this point to be a little over five feet from the curb.' It was stipulated that Officer O’Neal who also assisted in the investigation, would testify the same1 as the other two officers.
Defendant Lee testified that he had been working for a man that lived at 3000 Southern; and was on his way there, and they were then going to Oil City to work. He saw no traffic meeting him except Mrs. Horn who was 150 or 200 feet away when he held his hand straight out for a left turn. He estimated her speed át 40 miles an hour. He says that he stopped with about five feet of the back of the truck in the street, to change gears to get up the inclined driveway and just as he started.up again the collision occurred. He says there were no women on the front of the house. He did not see the Horn car after he started his left turn, until it struck the truck.
Mrs. A. E. Lewing, sister-in-law of Lee who operates a beauty parlor at her house, testified that she was standing at a big window inside the house, (No. 3000), cleaning a manicure table; that she saw Lee as he was about to make a left turn into the driveway, and that he had his left hand out for a signal, however she says it was not straight out as for a left turn but down. She could not see the collision from where she was, but heard it, and saw the Dodge car crossing the street, at a fast rate of speed which she described as “flying”. She says there was no one on the front steps at the time.
Mr. A. E. Lewing for whom Lee was working, testified that he was standing behind his truck parked in his driveway when Lee turned in and stopped to change gears, and he did not see the Horn car until it struck the truck and he turned and saw it going across the street and it struck the house. He guessed the speed of the Horn car to be 40 miles per hour.
Two other witnesses, Gerald Lewing and Billy Taggart testified but they saw so little of what happened that they add nothing to the evidence.
*238 There can be no doubt whatever that Lee was guilty of negligence ra attempting a left turn into a private driveway in the middle of a city block, without taking due precaution to see that the turn could be safely made. He admits he saw the Dodge when it was, he says, ISO or 200 feet in front of him, and traveling, he says, at 45 miles an hour, and in the face of this situation he proceeded to undertake a left turn. Whether or not he gave a hand signal of his intention to turn left is not made certain. He says he did. His sister-in-law says he gave a signal that would indicate that he was going to stop. Mrs. Horn saw no signal. Avery, the trolley operator; saw no signal, but whether or not he gave any signal of his intention to turn left is not important when we consider the burden on him to ascertain that the left turn can be safely made. The giving of the signal is notice of intention to turn left, but this is only part of his duty. In addition to giving notice of intention, he is required to also ascertain that the turn can be safely made. He could hardly hope to safely turn left in the face of an oncoming car, which he says was traveling 45 miles an hour, when it was at most 200 feet away. If his estimate of speed is correct the oncoming car would traverse this distance in less than three seconds. He was familiar with the driveway he expected to enter, and knew that it was upgrade, and that he would be required to shift gears to make the grade. There can be no doubt of his negligence.
The only question is whether or not Mrs. Horn was guilty of any, actionable negligence. She must have been traveling more than 25 miles an hour because of the distance she traveled after striking the truck, and if she had used due care we believe she could and should have avoided striking the truck, and she was therefore guilty of negligence also.
Having reached the conclusion that both operators of the motor vehicles involved in the collision were negligent, no useful purpose would be served by discussing the citations contained in the well prepared briefs of counsel, which have been read with interest and appreciation.
For the reasons assigned the judgment appealed from is affirmed at the cost of defendants in this and the lower court.