McINNIS, Judge.
Plaintiff sues for the sum of $451.54 for repairs to his automobile, necessitated by damage to it when it was involved in a collision with a truck, belonging to and being driven by defendant, on July 18, 1952.
Plaintiff charges that the sole proximate cause of damage to his automobile was the negligence of defendant in making an 'abrupt left turn in the path of the automobile driven by Mrs. Horn, without allowing oncoming traffic to pass and without giving any indication or warning signal of his intention to turn left.
The answer of defendant denies any negligence on his part and alleges that the direct and proximate cause of the collision and resulting damage was the careless, reckless and negligent manner in which Mrs. Horn operated the automobile. Specific counts of negligence charged against Mrs. Horn are as follows:
a. That the said Mrs. Isabel B. Horn was negligently operating and driving said automobile at an excessive rate of speed along Southern Avenue, said vehicle being operated at approximately forty-five (45) miles per hour, in violation of the ordinances of the City of Shreveport, Louisiana.
b. That the said Mrs. Isabel B. Horn was negligent in not keeping the proper lookout for defendant’s truck which was protruding into Southern Avenue only about two feet.
c. That the said Mrs. Isabel B. Horn was very negligent in not having her motor vehicle under complete control so as to avoid the collision.
This case is consolidated with our Number 8013, Columbia Fire Insurance Co. v. Lee, 68 So.2d 235. The facts in the consolidated cases are fully set forth in Number 8013.
It is stipulated that the total damage to the automobile amounted to $386.27.
After trial on the merits the lower court rendered judgment rejecting plaintiff’s demand, and he has appealed.
 On trial of the case, when counsel for defendant sought to prove negligence on the part of Mrs. Horn, plaintiff’s counsel objected to such proof, insofar as it would tend to establish contributory negligence, for the reason that such negligence had not been pleaded by defendant. The evidence, however, is admissible in an effort to prove that the negligence of Mrs. Horn was the sole proximate cause of the accident. However evidence admissible under the pleadings will not have the effect of correcting, amending and enlarging the pleadings. Hope v. Madison, 192 La. 593, 188 So. 711; Bayou Rapides Lumber Co. v. Campbell, 215 La. 849, 41 So.2d 781.
The evidence was properly admitted. We found in Number 8013 that both Lee and Mrs. Horn were guilty of negligence, contributing to the happening of the accident and we note that the acting judge of the City Court reached the same conclusion and for that reason rejected the *240 demands of the plaintiff in this case; however, he apparently overlooked the fact that defendant had failed to specially plead contributory negligence. It is well settled that this is a special plea and that an allegation that negligence of plaintiff was the sole proximate cause of an accident will not supply a special plea of contributory negligence and, for this reason, the negligence of Mrs. Horn cannot avail the defendant in this case. Fortenberry v. Preferred Accident Insurance Co., La.App., 48 So.2d 657, 659; Employers’ Fire Insurance Co. v. Rodgers, La.App., 47 So.2d 404 and cases cited.
Some effort was made to show that most of the damage to the automobile was caused by its collision with the brick column of the house at 2923 Southern Avenue, however, we are unable to determine from the record what part of the damage was caused by the original collision and what part was caused by the collision with the house and, for this reason, and for the reason that we believe that, in any event, defendant is liable for all of the damage there will be judgment for the plaintiff for the amount of repairs admitted.
For these reasons the judgment appealed from is annulled and reversed and it is now ordered adjudged and decreed that plaintiff, Albert R. Horn, have and recover judgment against defendant, Edgar F. Lee, in the sum of $386.27 with legal interest thereon from the date of judicial demand, together with all costs of this court and the lower court.