JOHNSON, Judge.
Defendant driver and his insurer appeal from a judgment awarding plaintiff $1653.23 for pain and , suffering, medical expenses and property damage, arising from an inter-sectional automobile collision.
*174 The situs of the accident was on U. S. Highway .#61, referred to as the Airline Highway, between New Orleans and Ken-ner, La. The highway at the point of the accident contains four in-bound (towards New Orleans) and four out-bound (towards Baton Rouge) lanes, separated by a neutral ground. Plaintiff, traveling towards New Orleans in his Cadillac stopped at a break in the neutral ground and turned left to cross the four out-bound lanes to proceed into the parking lot of the Town & Country Motel, located opposite the neutral ground break. Defendant, Ernest Ryan, was driving a Chrysler car in the direction of Baton Rouge, in the traffic lane furtherest from the neutral ground. When plaintiff’s car had proceeded across three of the four out-bound lanes and was crossing the fourth lane, its right rear section was struck by the .left rear corner of defendant Ryan’s car.
The accident occurred about S :30 p. m., March 17, 1958, during a drizzling rain. The intersection (neutral ground break) was uncontrolled by traffic signals or signs.
Plaintiff’s version of the accident is that earlier he had been at the Town & Country Motel restaurant when a waitress there complained of being ill. He took her to a drugstore about a quarter of a mile towards Baton Rouge on the Airline Highway, and was returning with her at the time of the accident. He had proceeded down the highway towards New Orleans till he reached the subject neutral ground break. Turning left into the break, he stopped and looked, in both directions. He saw cars about two blocks down the highway, and started across toward the Town & Country Motel. He did not look again to his right as he was concerned with another car coming away from the motel. When the front of his car was off the highway, his passenger hollered, and looking to his right, he observed defendant’s car “flying” toward him. He accelerated his car’ and swerved to the left when his car was struck by the Chrysler of defendant Ryan.
The testimony of Mrs. Dolores Stradt-lander, the waitress in plaintiff’s automobile, substantiates his version of the accident in all particulars except that she thought plaintiff’s front bumper was two feet from the motel driveway at the instant of impact.
Defendant Ryan stated that he was going to his home in Kenner, traveling about 38 miles per hour in the lane nearest the shoulder of the road. He first saw plaintiff’s car stopped in the neutral ground break when he was about 150 feet away. (The plaintiff gave the distance at about two blocks). When he first perceived plaintiff’s car proceeding from the break across the out-bound lanes of the highway, Ryan didn’t see any problem existing and didn’t apply his brakes, but kept driving. When plaintiff entered the second lane away from the neutral ground, Ryan thought he was going to make a “U” turn and head towards Baton Rouge and he still “did not feel there was any reason to be concerned.” Further, he said, that when the arc which plaintiff was making did not seem to get any smaller but rather larger and he got into the third lane, approaching the fourth lane, “it was about then that I realized that there was some potential danger of something.” He also contends that plaintiff’s car, in the third lane, actually was paralleling his car after completing his “U” turn, and, such a turn caused plaintiff’s car to skid into the rear end of his car. He did not fully apply his brakes to avoid the collision until he was about a foot or two away from plaintiff’s car. He said he put his foot on the brake pedal, but did not press the pedal while he traversed some 30 feet. On cross-examination, Ryan conflictingly testified that after plaintiff had completed his “U” turn, heading toward Baton Rouge in the third lanej plaintiff turned right to go across the fourth lane into a driveway of the Town & Country Motel, and this move caused him to turn right to go off the road. At that instant defendant applied his brakes. (There is evidence that the entrance to the motel is not by separated driveways, but that the *175 whole front is wide open, as a part of the parking area).
Ryan’s passenger, Mr. Laurence H. Menge, Jr., stated the he noticed plaintiff’s car in the neutral ground break, observed it starting across the out-bound lanes and he thought plaintiff was going into the motel but could not make it and at the last minute turned towards Baton Rouge. He stated that when plaintiff’s vehicle entered the fourth lane, the same lane in which defendant was traveling, the cars were about 25 feet apart. Ryan then swerved to the right to avoid the collision but the left rear of his car touched the right rear end of plaintiff’s car. He testified that there were no cars to defendant’s left in the other three lanes of the highway.
The two State Troopers who investigated the accident had only an unsigned copy of their report of the accident, which they were not permitted-to use in refreshing their memory. They could only give their recollection of the positions of the cars after they came to rest.
Our conclusion is that the doctrine of last clear chance is controlling in the instant situation. This doctrine is explained in McCallum v. Adkerson, La.App., 126 So.2d 835. First, - it is essential that the plaintiff be in a position of peril of .which he is unaware or from which he is unable to extricate himself; second, that the defendant is in a position to see or discover plaintiff’s perilous situation, and, third, that at such time the defendant, with the exercise of reasonable care, could have avoided the accident. Maryland Casualty Co. v. Allstate Insurance Co., La.App., 96 So.2d 340.
There is no doubt plaintiff was unaware of the impending collision until his passenger hollered her warning. It was then too late for plaintiff to avoid the accident. It is obvious that the defendant Ryan could and should have realized that plaintiff was in peril and he could and should have brought his car under full control. Very slight retarding or turning his car would have avoided'the collision. He. said he saw no emergency until it was too late.
The case of Gallioto v. Chisholm, 126 So. 2d 63, 66 (Certiorari denied), decided by this court, involved an intersectional collision. The defendant in that case testified that he first saw plaintiff’s car when defendant was about ten to twenty feet from the intersection, and that just before the collision occurred he applied his brakes and veered to avoid the accident. The plaintiff’s car was more than half way across the intersection at the time of the collision. This court held that in view of the fact that plaintiff’s car had managed to “cross - the middle of the intersection before the collision took place, and considering the distance between the two cars at the time plaintiff .entered the intersection, it is obvious that by looking ahead in the exercise of ordinary driving care he could and should have seen the plaintiff’s peril in sufficient time to avoid the collision. Under these circumstances the doctrine of last clear chance is applicable”, citing cases. In the instant case, the defendant actually saw the plaintiff’s peril in sufficient time to avoid the collision. Accordingly, he is liable.
The case cited by defendants as controlling, Emmco Insurance Company v. Travelers Insurance Co., La.App., 87 So.2d 369, is not applicable here as it is differentiated, by its facts. It involved an attempt to turn through a neutral ground break and cross the Airline Highway, but there was stationary traffic in three of the four lanes of traffic, increasing the potentiality of a collision and thus the degree of care required. That is not the instant situation.
On defendants’ alternative plea of contributory negligence on the part of the plaintiff, we are satisfied from the evidence that plaintiff commenced' the cross-over when the defendant’s car was a sufficient distance away to make it appear safe to proceed across. When the defendant realized there was danger, the plaintiff had traversed more than half way across the four lanes, heading into the motel parking *176 area. If any negligence could be attributed to the plaintiff, it could only be his failure to look to his right again after he started and when he was proceeding across. Such failure was not the proximate cause of the accident. Plaintiff denies, and there is ample supporting evidence, that he ever turned toward Baton Rouge, and says that the two cars were never parallel. Defendants’ contention that the plaintiff made a “U” turn toward Baton Rouge is untenable from the testimony and physical facts.
The amount of quantum is not at issue on this appeal.
For the reasons assigned, the judgment of the district court is affirmed, defendants to pay all costs.
Affirmed.