SAMUEL, Judge.
This is a suit by a subrogated collision insurer for damages to an automobile resulting from the car being struck by one of defendant’s engines. Defendant’s answer denies negligence on its part and, alternatively, pleads contributory negligence on the part of the driver of the automobile. Defendant has appealed from a judgment in favor of plaintiff in the amount of the stipulated damages, $217.82.
The accident occurred at about 7:30 o’clock a. m. at a railroad crossing over *303 Florida Avenue in the City of New Orleans. It was a dry, clear morning'. The automobile, driven by an employee of the owner thereof, approached the crossing while traveling in a westerly direction on Florida Avenue. The train was proceeding in the same direction on the opposite side of a canal which runs between Florida Avenue and the railroad tracks. The train was on one of several sets of tracks running side-by-side and made a left turn over a single set of tracks which crossed the canal by means of a trestle. The trestle is elevated above the normal ground, track and road levels as is Florida Avenue at the crossing.
Traffic was extremely heavy and when the automobile reached and crossed the railroad tracks on Florida Avenue it was forced to stop because of a stopped line of traffic in its lane of travel. The last vehicle in the traffic line was so close to the tracks that, even though the automobile was driven as close as possible to that last vehicle, the rear of the car was sufficiently close to the nearer track rail that a portion of the engine struck the left rear of the vehicle and caused the damage. The fact that the tracks continue making a gradual curve to the left as they cross Florida Avenue caused the extended portion of the engine to strike the automobile even though the latter was not actually on the tracks at the time. In addition to the traffic immediately in front of the automobile there was a line of traffic behind it in its lane of travel and there were at least three vehicles stopped and waiting at the crossing in the eastbound lane of Florida Avenue on tire west side of the crossing.
We consider as immaterial, and do not decide, the question of whether or not the driver of the damaged automobile was negligent. Even if there was no negligence on his part we cannot hold the defendant liable. For we find no negligence in the operation of the train and where there is no fault there can be no liability under LSA-C.C. Art. 2315.
At the time of the accident four railroad employees were in the cab of the engine. The engineer was in his seat on the right, one man occupied the fireman’s seat on the left and two others, the conductor and a brakeman, were near the center. The engineer was unable to see the automobile in question as it approached, from the engine’s left but he was told of the danger by the others and immediately applied the emergency brakes. The testimony of the three men in the cab other than the engineer is that the engine was only 20 to 50 feet away from the automobile when that vehicle crossed the tracks. The driver of the automobile testified that he first saw the approaching engine when it was 50 to 75 feet from his stopped car. One other witness, whose car was stopped in the east bound lane of Florida Avenue, testified that at the time the automobile was on the tracks the engine was approximately 100 to 150 feet away.
The record contains no testimony to the effect that the train was traveling at a rate faster than 10 to 12 miles per hour and we are of the opinion that its speed was 10 miles per hour. The train consisted of 49 cars, at least some of which were heavily loaded, and would require 75 or 80 feet to make an emergency stop at that speed. We believe 10 miles per hour to be a reasonable speed under all the circumstances.
We are convinced that the engine was well upon the trestle when the automobile crossed the tracks. And as the end of the trestle on that side of the canal opposite from the one on which the collision occurred was less than 125 feet from the point of collision, we are further convinced that it was impossible for the train to be brought to a stop before hitting the car. Actually the train came to a full stop with the front of the engine just at the south edge of Florida Avenue.
Nor is the doctrine of last clear chance or discovered peril applicable in this case. One of the necessary elements of the doctrine is that the one against whom the *304 doctrine is invoked must have had the means of avoiding the accident by the exercise of reasonable care. Pate v. State Farm Mutual Automobile Insurance Co., La.App., 147 So.2d 766; Thomas v. Lumbermen’s Mutual Casualty Co., La.App., 146 So.2d 275; Angeron v. Guzzino, La.App., 140 So.2d 669; McCarthy v. Blair, La.App., 122 So.2d 837; Gage v. Nesser, La.App., 119 So.2d 98. As the train could not be brought to a stop within the distance involved, such means did not exist here.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendant and against the plaintiff dismissing the latter’s suit; costs in both courts to be paid by the plaintiff-appellee.
Reversed and rendered.