168 So.2d 357 (1964)
McKinley SIMMONS, Plaintiff-Appellee,
v.
Rena C. ZENO, Defendant-Appellant.
No. 1271.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1964.
Domengeaux & Wright, by D. Mark Bienvenu, Lafayette, for defendant-appellant.
Davidson, Meaux, Onebane & Donohoe, by Andrew J. S. Jumonville, Lafayette, for defendant-appellee in reconvention.
Joseph A. Koury, Lafayette, for plaintiff-appellee.
Before TATE, FRUGÉ and CULPEPPER, JJ.
FRUGÉ, Judge.
This case arises out of an automobile accident. Two vehicles, one operated by Rena Zeno, and the other by McKinley Simmons, *358 collided at an intersection in Lafayette, Louisiana. Simmons instituted suit against Rena Zeno alleging the accident was solely and proximately caused by the negligent operation of her automobile. Rena Zeno reconvened against Simmons, denying his allegations and claiming damages to her person and property. Mrs. Ethel Zeno, mother of Rena Zeno and guest passenger in the Zeno vehicle, instituted suit for personal injuries against McKinley Simmons, Ray Falcon, as owner of the car driven by Simmons, and Falcon's automobile liability insurer, Southern Farm Bureau Casualty Company. The defendants in the suit instituted by Ethel Zeno joined Rena Zeno as a third party defendant who in turn reconvened against defendants. These matters were consolidated for purposes of trial and appeal. Judgment was rendered by the District Court in favor of McKinley Simmons against Rena Zeno in the amount of $1,661.50. Judgment was also rendered against the guest passenger, Mrs. Ethel Zeno, dismissing her claim. Rena Zeno and Ethel Zeno, in conjunction with her husband Armand Zeno, have taken this appeal. Separate judgments shall be rendered by this court.
The accident occurred at the intersection of Argonne and Pershing Streets in the City of Lafayette, Louisiana, on the night of April 30, 1961. McKinley Simmons was proceeding in a southerly direction on Argonne, which is designated as a right of way street, while Rena Zeno was proceeding on Pershing Street in an easterly direction. There was a stop sign on Pershing at the intersection.
The appellant's version of how the accident occurred is as follows: Rena Zeno, driving eastward on Pershing, came to a complete stop in obedience to the stop sign at the Argonne Street intersection. On doing so her automobile stalled. In attempting to start her engine she unintentionally allowed her automobile to edge slowly into the intersection. Her automobile was completely stopped for several seconds immediately preceding the accident and was protruding into the intersection to the extent of about five feet. The automobile driven by Simmons was proceeding southerly on Argonne at a speed approximating fifty miles per hour when it struck the helpless Zeno vehicle. There is a twenty-five mile per hour maximum speed limit on Argonne Street.
According to Simmons, the accident occurred in a different manner. Simmons relates that he was driving south on Argonne at an approximate speed of twenty miles per hour immediately preceding the accident. On approaching the intersection he noticed a car stopped and waiting at the stop sign on Pershing. He saw the Zeno vehicle approaching the intersection behind the car stopped at the stop sign. Thinking that the Zeno car would stop behind the vehicle already at the stop sign, he proceeded across the intersection. The Zeno car did not stop but rather went around the stopped vehicle and into the intersection where it struck the Simmons automobile on the right side front door.
No one appearing at the trial other than Rena and Ethel Zeno and McKinley Simmons witnessed the accident. However, the testimony of persons who appeared at the scene shortly after the accident's occurrence was introduced at the trial.
Warren Domingue, the police officer investigating the accident, testified that on reaching the scene he talked with Rena Zeno. According to Officer Domingue, Rena Zeno stated that just prior to the collision she had proceeded around a car stopped at the intersection stop sign.
In describing the damage done to the vehicles Officer Domingue stated that the principal damage done to the Simmons car was to the right front door. Damage to the Zeno vehicle was to the left front bumper, fender, grill, and headlight. Simmons and Ray Falcon, owner of the car driven by Simmons, testified substantially the same as did Officer Domingue concerning damage *359 to the Simmons driven automobile. J. W. Bridges, an insurance adjuster, testified that the principal damage to the Zeno vehicle was to the left front fender.
There was conflicting evidence as to whether Simmons had been drinking alcoholic beverages immediately prior to the accident. It was established that Simmons had left an establishment that sold liquor only shortly before the occurrence of the accident. Simmons denied that he had been drinking.
In rendering judgment against Rena Zeno and dismissing the claim of the guest passenger, Mrs. Ethel Zeno, the trial judge apparently concluded, no written reasons for judgment being assigned, that McKinley Simmons was not negligent and that the sole and proximate cause of the accident was the negligence of Rena Zeno. In reaching this conclusion the trial judge apparently found as a fact that the Zeno automobile struck the Simmons vehicle rather than vice versa, as was contended by the appellants. In so contending that the Zeno vehicle was stalled and was struck by the Simmons vehicle, the appellants argued that the doctrine of last clear chance was applicable. The evidence as presented to this Court, however, tends to support Simmons' version of the accident, and such was apparently the conclusion reached by the District Court. Particularly, the evidence presented concerning the damage done to the vehicles tends to establish that Simmons' automobile was struck by the Zeno automobile.
A motorist approaching a stop sign at an intersection has the duty of not only stopping but also of determining if the way is clear and of yielding to oncoming vehicles on the favored roadway. Pate v. State Farm Mutual Automobile Insurance Company, La.App. 1 Cir., 147 So.2d 766; White v. Glass, La.App. 2 Cir., 78 So. 2d 57. Although the evidence is conflicting, we do not believe the trial judge committed manifest error in finding that the sole and proximate cause of the accident was the failure of Rena Zeno to fulfill those duties so imposed on a motorist in her situation. Nor can we say that it was erroneous to find that McKinley Simmons was either not negligent or that if he was negligent, that his negligence was not a cause of the accident.
Thus, the doctrine of last clear chance is inapplicable to this case since it was not established that Simmons had the means to avoid the accident by exercising due care. Maryland Casualty Company v. Gulf Mobile and Ohio Railroad Company, La.App. 3 Cir., 157 So.2d 302; Pate v. State Farm Mutual Automobile Insurance Company, La.App. 1 Cir., 147 So.2d 766.
Rena Zeno alternatively contends that if she is liable, still the judgment rendered by the District Court in the amount of $1,661.50 was excessive.
At the trial Dr. Saloom, McKinley Simmons' attending physician, testified that in his opinion Simmons had, as a result of the accident, suffered a back injury which he believed to be a lumbar strain and a scalp abrasion of about two inches in diameter but which did not require suturing. He opined that the back injury would not be permanent but that it would take at least three months from the time of the injury for Simmons to recuperate. He stated that the degree of muscle spasm present in Simmons' back usually indicated that the injury would last from six to eight months. Simmons was hospitalized for less than seventy-two hours.
Prior to the accident Simmons was working as a butcher and skinner of cattle, the job paying $60.00 per week. At the time of the trial of this case, October 17, 1962, he was working at a less strenuous job paying $40.00 per week. He testified that because of pain in his back he was unable to work at his former job. He had been working at his present job for the same employer since about two weeks after the accident, being unable to work at all for those two weeks.
*360 The trial judge has wide discretion as to questions of quantum. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. The judgment of the trial court is affirmed.
Affirmed.