SAVOY, Judge.
Plaintiff filed suit in tort for damages sustained when he was struck by an automobile owned and being driven by defendant’s assured, Richard L. Folse.
The petition alleges that on March 8,1964, at about 9:00 o’clock P.M., plaintiff attempted to cross Louisiana Plighway 14 within the city limits and on the eastern edge of Kaplan, Louisiana; that the highway runs generally east and west; that plaintiff was crossing on foot from south to north; that, through certain specified acts of negligence, the defendant’s assured ran over him. Alternatively, plaintiff plead the doctrine of last clear chance.
The defendant insurance company answered plaintiff’s petition, denying its material allegations and specially pleading' plaintiff’s contributory negligence and the sudden emergency doctrine.
During the trial of the case, defendant also filed a peremptory exception of no right or cause of action, which was referred to the merits.
The lower court found in favor of defendant on the merits and dismissed plaintiff’s suit, from which judgment plaintiff has perfected this appeal.
The pertinent uncontradicted facts are as follows:
Mr. Folse was proceeding in a westerly direction at a speed of about thirty miles per hour, and there is no evidence indicating that he was being generally reckless or negligent. He was about three car lengths, or fifty to sixty feet, behind another automobile which was proceeding in the same direction ahead of him. Without the need for going into detail, suffice it to say that plaintiff was, admittedly, rather heavily intoxicated. Just prior to the accident he left a bar on the south side of the highway and was attempting to cross the road on foot. He testified that he saw the leading automobile, as'he was making his crossing, but thought he had sufficient time to complete it; that, as he got out onto the roadway, he realized he was in trouble, but kept on walking because, *504 “ * * * it was too late to turn back I guess I thought.” The leading automobile veered to its left and went around behind, that is, to the south of plaintiff, thus missing him apparently, plaintiff then being in the north lane of the highway, a little better than half way across, but near the middle. The identity of the owner or occupants of that vehicle has never been determined. Just after that, plaintiff was struck by Mr. Folse’s automobile. The lower court found plaintiff to have been negligent, and in that we concur.
The points of contradiction arise from the opposing positions taken by plaintiff and defendant as of the moment when the unidentified leading automobile swerved in order to miss plaintiff. Plaintiff maintains that there was a street light in the near vicinity of the point of impact; that Mr. Folse had his headlights burning; that he was some three car lengths behind the leading automobile; therefore, he should have seen plaintiff in time to avoid striking him. Defendant’s contention, on the other hand, is that Mr. Folse did not see, and could not have seen, plaintiff in time to avoid the accident, particularly because, at that time, plaintiff was lying down across the north lane of the highway; that Mr. Folse did not see plaintiff until he was about thirty feet away; that he cut to his right in an effort to avoid striking plaintiff, to no avail; and that he went about forty feet after striking plaintiff and before being able to come to a stop at an angle on the north shoulder of the highway. There were no eye witnesses, other than plaintiff and Mr. Folse.
The case thus turns on the question of last clear chance.
There is a direct conflict in the question of whether plaintiff was on his feet or in a prone position when Mr. Folse saw or could have seen him. Plaintiff would, obviously, have been more difficult to see in the latter position. There is no way to resolve this conflict, but we note that plaintiff’s injuries consisted solely of contusions or brush burns mostly in the area of the torso, neck and head, with no bones broken, and with comparatively little harm done to his legs, which seems unlikely, had he been standing when hit. After Mr. Folse’s car came to a stop, plaintiff was under the rear of the car, as though it had passed over and dragged him, rather than hitting him in an upright position. Be that as it may, after reviewing the evidence in an overall sense, we do not feel that there is any manifest error in the lower court’s ruling.
Both automobiles were proceeding at a speed of about 30 miles per hour, i. e. 44 feet per second, prior to the accident. Considering that Mr. Folse was only fifty or sixty feet behind the forward vehicle, it is apparent that, after the forward car veered left sufficiently to afford Folse in the following car a clear view of the lane ahead, then Folse only had split seconds in which to observe the pedestrian lying in the lane ahead, to appreciate the sudden and unexpected hazard, to react and apply his brakes and swerve, and thereafter to brake or steer his car so as to avoid hitting the form suddenly revealed to be lying in the roadway.
Our jurisprudence is now established that in order to apply the doctrine of last clear chance, plaintiff must prove that three elements exist: (1) plaintiff must be in a position of peril of which he is unaware, or from which he is unable to extricate himself; (2) plaintiff must show that defendant actually discovered or should have discovered the plaintiff’s peril; and (3) at the time that defendant actually discovered or should have discovered plaintiff’s peril, defendant must have a reasonable opportunity to avoid the accident. Sorrell v. Allstate Insurance Company et al. (La.App., 3 Cir., 1965), 179 So.2d 499, decided by this Court this date, and cases cited therein.
The doctrine does not apply in the instant case for the reason that, in our *505 opinion, the third of the three essential elements is not present. There is no showing that Mr. Folse could have avoided the accident Rather, the physical facts are such that he could not have avoided it due to the presence of the leading automobile blocking his view until the last moments and the close proximity of his automobile to plaintiff at the time when plaintiff’s peril was first discoverable.
Accordingly, the judgment of the lower •court is affirmed, with all costs of this appeal assessed against plaintiff-appellant.
Affirmed.