GLADNEY, Judge.
This action in tort arises from a motor •vehicle collision at the intersection of Williams and Ogilvie Streets in Bossier City. The named defendants are T. G. Chance .and his liability insurer, Allstate Insurance -Company. The trial court rejected the demands of plaintiff Raymond Ellis, holding lie was negligent in not maintaining a proper lookout, and that Glenda Chance was negligent in driving at an excessive rate of speed. From this ruling plaintiff has appealed.
On the afternoon of April 1, 1964, at which time the weather conditions were normal, the plaintiff, Raymond Ellis, was driving his Plymouth automobile west on Ogilvie Street and at approximately the same time Glenda Chance, the minor daughter of the defendant, T. G. Chance, was traveling in a Mercury Comet automobile south on Williams Street. Both vehicles were approaching the intersection of the two streets, Ellis at a speed of from 15 to 20 miles per hour and Miss Chance at about 35 to 40 miles per hour. A collision occurred in the northwest quadrant of the intersection, the Ellis sedan being struck between the two doors on its right side.
The two streets at the intersection are hard surfaced and have a width of 38 feet. Neither street is designated as a superior thoroughfare and the intersection is not governed by stop signs or traffic lights. Thus, as Miss Chance was approaching from the plaintiff’s right she was entitled to the right-of-way under the provisions of The Highway Regulatory Act, LSA-R.S. 32:121, subd. B., which provides that where two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right-of-way to the vehicle on the right.
During the course of the trial, Ellis admitted that he did not see the other automobile until it was within 8 or 10 feet from him. Miss Chance testified that upon first observing the Ellis car at the intersection she applied her brakes but her car skidded approximately 45 feet to the locus of impact; that Williams Street had been freshly repaired and covered with loose gravel which prevented the Mercury automobile from stopping sooner. As the Ellis and Chance automobiles neared the intersection, Albert Cobb was driving easterly on Ogilvie Street towards the intersection at a speed of 35 miles per hour, his vehicle meeting that of plaintiff. Cobb testified that upon observing that the Chance vehicle was not going to stop he brought his car to a standstill without entering the intersection. Ellis admitted there was no obstruction on the northeast corner of the intersection to block his view of the motor vehicle approaching on Williams Street. However, he said he did not see the Chance automobile until almost the instant of the impact.
Counsel for appellant contends his vehicle preempted the intersection and therefore *694 Miss Chance should have yielded the right-of-way as provided in LSA-R.S. 32:121, subd. A. This provision of the Highway Regulatory Act reads: “The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.”
The point of impact was not precisely fixed but located only as having occurred in the northwest quadrant of the intersection. However, it is clear that plaintiff’s automobile had not traveled more than 25 feet into the intersection to the point of impact. The Chance automobile moved within the intersection a distance of from 10 to 15 feet. These facts plainly indicate that when Ellis was about to enter the intersection he was not afforded reasonable opportunity and expectation to clear the intersection in safety. We think it is manifestly true that the trial court did not err in finding plaintiff guilty of negligence constituting a proximate cause of the accident. Under the right of preemption a motorist approaching an intersection has the right-of-way over oncoming traffic only if he exercises the necessary precautions in determining he can enter the intersection with a reasonable certainty of crossing in safety. Henderson v. Travelers Indemnity Company, La.App., 158 So.2d 365 (4th Cir. 1963) and authorities cited therein.
In further charging Glenda Chance was negligent, plaintiff alleged she failed to avail herself of the last clear chance to avoid a collision when having the opportunity to do so. The trial court, upon finding plaintiff guilty of negligence which was a proximate cause of the accident, also sustained the argument made on behalf of ap-pellees that by pleading the last clear chance doctrine the plaintiff had convicted himself of his own contributory negligence. Authorities, which we do not question, are cited which support this legal principle. We deem it unnecessary, however, to pass on this contention. It suffices in our opinion that the evidence supports the finding of the trial judge that the plaintiff was proven guilty of negligence that constituted a proximate cause of the accident.
Finding no error in the judgment from which plaintiff has appealed, it is affirmed at appellant’s cost.