181 So.2d 881 (1966)
Jo Ann MUSCO
v.
GENERAL GUARANTY INSURANCE COMPANY and Charlotte C. Russo.
No. 2013.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1966.
*882 Tunis, Loridans & Wallesverd, Irwin L. Tunis, New Orleans, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Francis G. Weller, New Orleans, for defendants-appellees.
Before McBRIDE, SAMUEL and CHASEZ, JJ.
SAMUEL, Judge.
This is a suit for personal injuries incurred in an intersectional collision between two automobiles. Plaintiff was the driver of one of the cars involved. There are two defendants: the driver of the other vehicle and the liability insurer of that vehicle. Defendants' answer avers that the accident was caused solely by plaintiff's negligence and, alternatively, pleads contributory negligence. Plaintiff has appealed from a trial court judgment in favor of the defendants and dismissing the suit.
The accident occurred during daylight in the uncontrolled intersection of Louisville and Chappelle Streets in the City of New Orleans. The weather was dry and clear. Louisville runs north and south and Chappelle runs east and west. Each of the streets was composed of asphalt, accommodated two-way traffic, and was approximately 28 feet in width. The area in the vicinity was residential and upon reaching the intersection a motorist on either street had an unobstructed view of the other street for a distance of approximately one block in the directions from which the automobiles here involved were approaching.
Plaintiff was driving north on Louisville at a speed of 15 or 25 miles per hour and defendant was traveling west on Chappelle at 20 or 25 miles per hour. There is no complaint that either speed was excessive. The right front of the defendant vehicle *883 struck the plaintiff car in the right rear. The debris from the accident was located approximately in the middle of the intersection but principally towards the north side of the northbound lane of traffic on Louisville. After the collision the plaintiff automobile, the smaller of the two cars, came to rest about 40 feet on the north side of the intersection and the defendant vehicle came to rest a short distance from the point of impact. Twenty feet of tire marks were left by the defendant car.
Plaintiff had slowed her vehicle as she approached the intersection. She testified that upon reaching the intersection she looked in both directions on Chappellee Street and saw no approaching traffic. She did not apply her brakes until after the impact. The defendant driver saw the plaintiff vehicle and applied her brakes but too late to avoid the collision.
In this court plaintiff contends: (1) she enjoyed the right-of-way because she preempted the intersection; and (2) alternatively, the defendant had the last clear chance to avoid the accident. We do not agree with either contention.
We are satisfied from the record, as was the trial judge, that if the defendant driver had not applied her brakes, and such application is shown by the tire marks left by her car, either the defendant vehicle would have entered the intersection before the plaintiff car or the two vehicles would have entered the intersection at approximately the same time. Under these circumstances the defendant vehicle, which approached the intersection on the right, had the right-of-way in accordance with the pertinent provisions of Sec. 38-133(b) Traffic Ordinance, City of New Orleans, which reads as follows:
"Sec. 38-133. Vehicle Approaching or Entering Intersection.

(a) * * *
(b) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.
(c) * * *."
Before a motorist successfully can rely on the doctrine of pre-emption he must show he entered the intersection at a proper speed and sufficiently in advance of the car on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle; entry into the intersection at the same time or just a fraction of a second ahead of the other vehicle does not create a pre-emption. Scott v. Glazer, La.App., 164 So.2d 185; Glass v. Toye Brothers Yellow Cab Company, La. App., 160 So.2d 329; Bell v. Duplessis, La. App., 150 So.2d 114.
In the instant case, even accepting the facts most favorable to the plaintiff, she negligently entered the intersection, at approximately the same time as the defendant vehicle would have entered if the latter's brakes had not been applied, without seeing what she should and could have seen, the approaching defendant car. She did not pre-empt the intersection within the meaning of the rule.
Nor do the facts in this case support an application of the doctrine of last clear chance; a necessary element of that doctrine is not present. The necessary element to which we refer is that the one against whom the doctrine is invoked must have had the means of avoiding the accident by the exercise of reasonable care after he was in a position where he could and should have discovered the other person's peril. Sule v. Missouri Pacific R. R. Co. & New Orleans Pub. Belt R. R., La.App., 181 So.2d 280, handed down December 6, 1965; Sorrell v. Allstate Ins. Co., La.App., 179 So.2d 499; Pillaro v. State Farm Mut. Auto. Ins. Co., La.App., 179 So.2d 502; Ellis v. Chance, La.App., 179 So.2d 692; Maryland Casualty Co. v. Gulf, Mobile & Ohio R. *884 Co., La.App., 157 So.2d 302; Scott v. Glazer, supra.
Here, especially in view of the fact that the defendant vehicle had the directional right-of-way, we are satisfied, not only that the defendant driver could not have avoided the accident with the exercise of reasonable care after she was in a position where she should have discovered plaintiff's peril, but also that the defendant driver took such steps, by application of her brakes, as were available to her to avoid the accident. As the trial judge aptly said in his Reasons for Judgment: "Having the directional right of way and having observed the plaintiff's car (and plaintiff had equal opportunity for observing defendant's car), to hold the defendant liable in this case would be to penalize her for her vigilance and effort to avoid a difficult situation not of her own making."
The judgment appealed from is affirmed.
Affirmed.