YARRUT, Judge.
Plaintiff seeks damages for personal injury, property damage, lost wages and medical expenses from Defendant (Wallis) and his liability insurer, resulting from a highway collision between his automobile and one driven by Wallis. Reference to “Defendant” herein will be to Wallis only.
On June 23, 1960, about 4:15 p. m., while Plaintiff was driving his 1958 Chevrolet automobile on U. S. Highway No. 90 (Chef Menteur Highway), in the right-hand lane and was approaching No. 11,800 Chef Men-teur Highway, where the business establishment of Southern Mobile Home Trailers Company is located, Defendant, on his way home, entered the highway from the private road of that establishment, where he was employed, and collided with Plaintiff’s vehicle.
Plaintiff had left New Orleans for his home in Slidell. Defendant was crossing the highway, from east to west. The highway has two roadways, separated by a narrow (6-foot) neutral ground, each roadway having two lanes of travel.
Defendant testified he stopped on the shoulder of the highway and, seeing Plaintiff about 400 feet away, proceeded across the east roadway, but was forced to stop in the neutral ground because of the heavy traffic approaching on its way to New Orleans in the east roadway, into which he intended to turn left on his way to New Orleans; that before he entered the highway, he looked for traffic in both roadways, but saw none in the west roadway going to New'Orleans until he reached the neutral ground. While stopped in the neutral ground, Defendant’s automobile extended into the left lañé of the west roadway, due to the narrowness of the neutral ground. While Defendant’s car was stopped in the neutral ground, Plaintiff’s automobile ran into it, with the resulting damage.
Plaintiff charges Defendant with negligence in attempting to- crdss the highway- *716 in the path of his approaching automobile, when he knew or should have known he could not complete crossing the dual-road highway, separated by the neutral ground, in safety.
Defendant charges Plaintiff could and should have seen him enter the highway when he was 400 feet away and should have recognized his pre-emption of the intersection and his right to complete the crossing; and his failure to do so was because of his excessive speed and failure to keep a proper lookout. Before striking Defendant’s automobile, Plaintiff skidded 90 feet in his effort to avoid the accident.
Defendant denied any primary negligence which contributed to the collision, and alternatively pled Plaintiff’s contributory negligence and the “last clear chance” doctrine.
Without any written reasons the district judge rendered judgment for Plaintiff and against Defendants, in solido, for $2,641.65, with interest and costs, without itemizing the respective items allowed for personal injuries and property damage.
Defendants appealed from the judgment asking a complete reversal. Plaintiff answered the appeal for an increase in the award to $6,296.75, the original amount prayed for, itemized in his original petition, viz.:
Loss of automobile $1200.00
Loss of wages from June 23, 1960 thru August 13, 1960 781.60
Don’s Wrecker Service, towing to Slidell 12.00
Charles’ Auto Wreckers, wrecker service and storage 29.00
Physical pain and suffering 4000.00
Howard Clinic, Slidell, La.
Dr. R. R. Howard and Dr. J. C. Roberts 213.00
Drs. Dule and Garcia, treatment to spine 25.00
Schwegmann Bros., prescriptions 8.75
Langston’s Drug Store, prescriptions 7.40
Dr. John F. Nabos, Orthopedic Surgery 20.00
Total $6296.75
The jurisprudence is too well settled, to permit of any doubt, that a motorist on an unfavored street or private driveway, must not enter the favored highway or street to turn or cross until it is safe to complete the turn or crossing without interference with approaching traffic on the favored highway or street. Holland v. United States Fidelity & Guaranty Co., La.App., 131 So.2d 574; Audubon Ins. Co. v. Mauf fray, La.App., 176 So.2d 193; Tresche v. Callaway, La.App., 147 So.2d 255; Simmons v. Zeno, La.App., 168 So.2d 357.
It is equally true that, assuming the motorist on the unfavored street prematurely enters the favored street or highway, the motorist on the favored street or highway, who sees or should have seen that the entering motorist cannot complete the crossing and is in a position of danger, from which there is no ready escape, is guilty of negligence under the doctrine of “the last clear chance” if he could have but fails to avoid a collision. Palmisano v. Ryan, La. App., 136 So.2d 173; Hamilton v. Dalrymple, La.App., 135 So.2d 536.
*717 The district judge, having seen and heard the witnesses, will not be reversed unless manifestly erroneous. After reading the testimony regarding the cause of the collision and the extent of Plaintiff’s injuries, medical expenses, and property damage, We must agree with the conclusions of the district court.
Defendants contend there is no adequate proof of the damage to Plaintiff’s automobile. There is no testimony other than that offered by Plaintiff that the automobile had a $1,200.00 value before the accident, and was sold as junk for $170.00.
Regarding personal injuries for which Plaintiff claims $4,000.00, his treating physician testified that Plaintiff’s injuries were cleared within one month, and that he lost only 18 days from his work. A summation of the treating physician’s testimony was that he gave Plaintiff a complete clinical examination, and X-rays did not show any signs of fracture or abnormalities; he saw no lacerations, and when asked if he saw any contusions, answered:
“On the lumbar sacral region and indicated by limitation of motion in the back, soreness and pressure on feeling of the back muscles.”
When asked if Plaintiff lost any time from his work, the doctor testified :
“A. He was coming in almost daily for his treatments. I should have something on here about it. I’m sure he lost some time. How much I don’t know.
“Q. Is it that you don’t know, doctor ?
“A. I don’t really know. I don’t have it here. He made a statement to us on July 18th, 1960 that he wanted to go back to work the following week. I checked him on the 20th then I didn’t see him any more. He lost apparently from 18 to 21 days.”
From the testimony and documents, we conclude Plaintiff is entitled to recover the following:
Loss of automobile $1000.00
Loss of wages, one month 390.00
Auto wrecker service 41.00
Medical and doctors’ fees 274.15
Pain and suffering 750.00
$2455.15
Accordingly, the judgment of the district court in favor of Plaintiff and against Defendants, in solido, is reduced to $2,455.15, and otherwise affirmed; Defendants to pay all costs in both courts.
Judgment amended and affirmed.