199 So.2d 377 (1967)
Winston M. LANDRY, Plaintiff-Appellant,
v.
Ralph H. YARBROUGH, Defendant-Appellee.
No. 7057.
Court of Appeal of Louisiana, First Circuit.
May 29, 1967.
*378 Dennis R. Whalen, Baton Rouge, for appellant.
*379 Mary M. Robinson, Baton Rouge, for appellee.
Before LANDRY, ELLIS and BAILES, JJ.
BAILES, Judge.
This action in tort arose as a result of an intersectional automobile accident which occurred in the City of Baton Rouge on December 10, 1965.
Counsel for plaintiff and defendant accepted the trial court's finding of fact and written reasons for judgment as the narrative of facts as allowed by LSA-C.C.P. Article 2131. The trial judge's finding of fact reads as follows:
"* * *
"The defendant testified with supporting witnesses that while proceeding east on Gayosa Street, he stopped at the stop sign facing him at the intersection of Gayosa and North 22nd Streets and waited for some moments permitting southbound traffic to pass on North 22nd Street to his left. Southbound traffic piled up to his right waiting for the semiphore traffic signal in the intersection of North and North 22nd Streets to turn green. When southbound traffic had cleared, he saw nothing oncoming to his left or his right. He then traversed the twelve feet of the southbound lane of North 22nd Street and with an inch or several inches of his front bumper protruding into the northbound lane of North 22nd Street he came to a stop. This, again, was supported by one disinterested witness who had known the defendant and not the plaintiff but had no interest in the case. The testimony of the defendant and this witness was believed by the court. The plaintiff, driving north on North 22nd Street, sideswiped the defendant's vehicle, with the left rear fender of plaintiff's vehicle coming into contact with defendant's bumper, resulting in very minor damage. Plaintiff's testimony was to the effect that the force of this slight impact threw him supine upon the front seat of his vehicle, shook him clear of the steering wheel, brake, and accelerator, and that his car then went northward for some distance leaving the roadway to his right in an easterly direction, thence west across both northbound and southbound lanes, skidded down a gravel driveway between two houses, and came to rest against a tree in the back yard of a neighbor. His testimony was, and the court quotes verbatim, `I was driving about thirty miles per hour.' The testimony of the defendant, police investigators at the scene, and a third party near the scene was that the distance amounted to some ninety feet from the original point of collision to the point where the vehicle careened back to the plaintiff's left and thence an additional ninety-eight feet to the point where the right front fender of the plaintiff's vehicle struck a tree bringing the car to a rest. There was, in addition, the testimony of the defendant to the effect that the plaintiff's vehicle was driving at a `terrific rate of speed,' substantiated by the testimony of an eye witness, admittedly an acquaintance of the defendant's, but otherwise disinterested in the case, that the vehicle driven by the plaintiff was driving at a grossly excessive rate of speed. The court is of the opinion that the defendant was negligent in failing to yield after stopping at the stop sign, but his negligence had come to a rest when he stopped his vehicle an inch or several inches in the plaintiff's path because to his right he saw the plaintiff approaching.
"This court is firmly of the opinion that the proximate cause of this collision was occasioned by the excessive speed of plaintiff in the operation of his vehicle and his clear and apparent failure in the light of all the testimony together with the physical damage to avail himself of a last clear chance to avoid an accident. This he did not do, and therefore, in the opinion of the court, his gross speed upon this occasion, as adduced by the testimony of the witnesses, together with the physical damage assessed and the distance travelled following the point of collision, lead the court to a *380 clear view that the defendant's (sic) negligence, alone, constituted the sole and proximate cause of this collision."
These findings were amended on motion of the plaintiff to read as follows:
"The defendant testified under oath and the Court accepts it as a fact, that at first he could see to his right down to Adella Street (described to be 135 feet); and that upon cross examination by able counsel for plaintiff he testified that when he first saw plaintiff's car approaching, plaintiff's car was about two car lengths `maybe' away."
Following the denial of the plaintiff's motion for a new trial, a devolutive appeal was perfected by him.
Appellant contends that the trial court erred by finding that the plaintiff sideswiped the defendant's vehicle and in finding that the defendant was negligent in failing to yield but that his negligence had ceased when he stopped his vehicle prior to being hit by the plaintiff, and in finding that the proximate cause of the collision was the speed of the plaintiff. Appellant further contends that the court fell into error in finding that the negligence of the plaintiff contributed to the cause of this accident and barred the plaintiff's recovery when contributory negligence was not affirmatively pled.
We turn first to consider the proximate cause of the accident. The narrative presented to this court shows that the defendant testified that he stopped at the stop sign before entering the intersection. He stated that he waited for traffic to pass and then crossed the southbound lane of North 22nd Street and with an inch or several inches of his front bumper protruding into the northbound lane of North 22nd Street, he came to a stop. The defendant at first testified that he could see to his right down to Adella, a distance of approximately 135 feet, and further testified that when he first saw the plaintiff's car, it was about two car lengths away. The trial court found that the defendant was negligent in failing to yield after stopping at the stop sign and in this finding we concur. However, the trial court further found that the defendant's negligence had come to a rest "when he stopped his vehicle an inch or several inches in the plaintiff's path because to his right he saw the plaintiff approaching." It is our opinion that the trial court erred in this finding.
The defendant was negligent in pulling his vehicle into the lane of the oncoming traffic. Stopping in obedience to a stop sign discharges only a portion of the duty imposed upon the motorist, and in addition to stopping, he must look and must yield the right of way to all vehicles proceeding upon the favored roadway. LSA-R.S. 32:123, Messana v. Allstate Ins. Co. (La.App.1966) 182 So.2d 93, Steiner v. Employer's Liability Assur. Corp. (La.App. 1966) 182 So.2d 345, Doucette v. Primeaux (La.App.1965) 180 So.2d 866, and Simmons v. Zeno (La.App., 1964) 168 So.2d 357. The defendant was negligent in failing to yield the right of way to vehicles proceeding on North 22nd Street.
This negligence of the defendant in our opinion was a proximate cause of the accident. "Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm." Dixie Drive It Yourself Sys. v. American Beverage Co. (1962) 242 La. 471, 137 So.2d 298. Under the circumstances of this case, the negligent conduct of the defendant was a substantial factor in bringing about the collision since the collision would not have occurred without it.
The appellant contends that the court erred in finding contributory negligence on the part of the plaintiff and in finding that this negligence barred plaintiff's recovery when contributory negligence had not been affirmatively pled. We agree with this contention. LSA-C.C.P. Article 1005 provides that the answer shall set forth affirmatively a plea of contributory negligence.
*381 In his brief, appellee pointed out that no objection was made to the introduction of evidence in support of appellee's contention that the accident was caused solely by the negligence of the appellant and that the issues of contributory negligence and last clear chance were thus tried by consent of appellant. In support of his contention that the failure to plead contributory negligence may be cured if evidence showing contributory negligence is admitted in evidence without objection, appellee cites the cases of Lindsey v. Travelers Indemnity Co. (La. App., 1959) 111 So.2d 153, and Randazzo v. Meraux (La.App., 1946) 27 So.2d 740.
We are aware of the holdings of the Lindsey and Randazzo cases but do not find these cases controlling over the instant case. Neither of the defendants in the cited cases pleaded the contributory negligence of the plaintiff as a bar to the plaintiff's recovery, and the pleadings in these cases do not contain allegations under which evidence of the negligence of the plaintiff would be admissible. Therefore, it was correctly concluded that the pleadings were enlarged by the evidence admitted without objection by the plaintiff.
The defendant's answer in the instant case pleads only that the sole cause of the accident was the plaintiff's negligence in speeding; it fails to affirmatively plead contributory negligence as required by LSA-C.C.P. Article 1005, and it was not amended so as to plead this defense as allowed by LSA-C.C.P. Article 1154. The evidence of the negligence of the plaintiff was admissible under the defendant's allegation that the plaintiff's negligence was the sole proximate cause of the accident. Therefore, the admission of evidence to prove the negligence of the plaintiff did not serve to enlarge the pleadings.
As the court succinctly stated in Christ v. State, Department of Highways (La.App.1964) 161 So.2d 322:
"The jurisprudence uniformly holds that the defense of contributory negligence is not sufficiently pleaded by allegations merely that the plaintiff's negligence was the sole cause of the accident: Washington Fire & Marine Ins. Co. v. Firemans Fund Insurance Co., La.App. 4 Cir., 130 So.2d 699; Horn v. Lee, La.App. 2 Cir., 68 So.2d 238, certiorari denied: Althans v. Toye Bros. Yellow Cab Co., La.App. Orl., 191 So. 717. See also Landrum v. United States F. & G. Co., La.App. 3 Cir., 151 So.2d 701. Further, since evidence to such effect was already admissible under the pleadings, the pleadings cannot be deemed enlarged to include such plea by reason of LSA-C.C.P. Article 1154, which pertains to the trial without objection of unpleaded issues. See Meyer v. Rein, La.App.Orl., 18 So.2d 69, certiorari denied."
This court has held in Wallace v. Hanover Insurance Company of New York (1964) 164 So.2d 111 at page 118:
"In order for 1154 to work, an automatic amendment of the pleadings, it is necessary that the evidence not be pertinent to any other issue raised by the pleadings in the case, and thus it would have been excluded if objected to timely. If the evidence is admissible for any purpose it cannot enlarge the pleadings except by express consent of the opposing party. (See comment B, Article 1154 and cases cited therein.)"
Appellee has failed to take advantage of the remedy of amending his answer provided him by the code of civil procedure. This court cannot supply the special plea of contributory negligence, and therefore, we find that the recovery of the plaintiff is not barred by his contributory negligence.
The trial court found the negligence of the defendant had ceased and that the sole proximate cause of the accident was the plaintiff's excessive speed and failure to avail himself of the last clear chance to avoid the accident. It is our opinion that the trial court fell into error in applying the doctrine of last clear chance. To invoke *382 this doctrine, three essential elements must be established: (1) that person invoking the doctrine was in a position of peril of which he was unable to extricate himself, (2) that person against whom the doctrine is invoked actually discovered or was in a position where he could or should have discovered such other person's peril, and (3) that at such time the person against whom the doctrine is invoked could have avoided the accident with exercise of reasonable care. See Moses v. Commercial Standard Ins. Co. (La.App., 1965) 174 So. 2d 682, Coleman v. Mason (1965) 248 La. 118, 176 So.2d 450, and Burnett v. Marchand (La.App.1966) 186 So.2d 383. These essential elements have not been established in the case before the court.
Since there is no evidence or testimony in the record to substantiate the plaintiff's claim for damages, this case is remanded to the trial court to allow the assessment of damages.
Therefore, for the reasons assigned above, the judgment of the trial court dismissing the plaintiff's claim at his cost is reversed, and this matter is remanded to the trial court for further proceedings not inconsistent herewith. Appellee is to pay all costs of this appeal.
Reversed and remanded.